No. 229

McCARTY v. STATE ex

No. 19583. Supreme Court

On motion to certify. Dock. Jan. 19, 1926; 4 Abs. 72.

333. CRIMINAL PROCEDURE—May a Common Pleas Court amend a transcript filed therein by the Municipal Court in a criminal proceeding?

Rose Friedel filed an affidavit in the Toledo Municipal Court in which she charged that Edmond J. McCarty was the father of her unborn, illegitimate child. Pursuant to the issuance of a warrant McCarty was arrested. Later, but before the preliminary hearing, Friedel discovered a material defect in the affidavit and thereupon filed a second affidavit upon which warrant was issued and McCarty's arrest effected.

After filing the second affidavit, Friedel caused it to be dismissed, but intending to dismiss the first affidavit, thereby leaving the first and defective affidavit on file. The judge had none of the pleadings or papers before him at the preliminary hearing, at which time McCarty was bound over to the Lucas Common Pleas. When the case came up for hearing the defective affidavit was discovered and thereupon a demurrer was interposed on the ground that the affidavit did not state facts to show a cause of action. The demurrer was overruled and the clerk of the Municipal Court was ordered to deliver the second affidavit, which had been dismissed, which the judge attached to the transcript of the Municipal Court and thereupon the case went to trial over McCarty's objection. The ruling was affirmed by the Court of Appeals.

McCarty, in the Supreme Court contends that the Common Pleas erred in amending the transcript, filed by the clerk of the Municipal Court, by attaching the second affidavit thereto for the reason that he could not even have been tried in the Municipal Court at the time he was compelled to go to trial in the Common Pleas, since the affidavit to which he was com-

pelled to answer was not even pending in the Police Court.

It is submitted that McCarty has been deprived of his property and perhaps liberty without due process of law, in violation of his rights under the Federal and Ohio Constitutions.

Attorneys—Leroy W. Hunt for McCarty; M. W. Bacome for State ex; both of Toledo.

---

No. 230

AMSTER v. FREEDLANDER et

No. 19550. Supreme Court

On motion to certify. Dock. Jan. 9, 1926; 4 Abs. 56.

707. LEASES—If a right in accordance with an indefinite provision in lease is once exercised by the lessee in a certain manner, may a more extensive right be invoked later which would not conflict with such uncertain provision, or is the exercise of the right in the first instance a conclusive interpretation of the intention of the parties concerning the provision granting such privilege?

Nick Amster, the owner of a large business block in Wooster, leased a portion of said block to Herman Freelander and Company for a period of 15 years with an optional period of 5 years additional. A provision of the lease stipulated as follows:

"It is further agreed between said parties that said second party (Lessee) is granted the right during said lease periods to connect said Memorial Block with the property of said second party to the west by bridge over the alley at second party's expense, and to remove said bridge and restore said Memorial Block at his expense at the termination of said lease or leases as it originally was."

The size, location, nature and construction of the bridge are not designated.

A bridge was constructed and used for two years, when Freelander began the construction of a new and separate bridge across the alley, which would by its nature necessarily result in competition in business between the parties which was prohibited by a provision of the lease.

Amster sought a restraining order in the Wayne Common Pleas which was refused and such refusal was affirmed in the Appeals.

Amster contends that:

1. In as much as the lease was silent as to the location, size and construction of the bridge and the lessees having constructed one bridge for one purpose it would be contrary to the lease to construct a new bridge for a different purpose.

2. That the parties, knowing their rights, placed an interpretation upon such privilege by the construction and use of one bridge for a period of time and therefore, Freelander will, as a matter of law, be estopped from asserting and different right or claim.

Attorneys—A. D. Metz, Wooster, N. M. Greenburger, and Musser, Kimber & Huffman, Akron, for Amster; Weygandt & Ross, Wooster for Freelander.